IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DONALD FLANAGAN,

    Plaintiff,

vs.                                  CIVIL ACTION NO.: CV204-141

DR. LUIS BURGOS and
TOM ELLIS,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, ("FCI Jesup") has filed an action pursuant to 28 U.S.C.A. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971), contesting his medical treatment during confinement. Defendants Burgos and Ellis ("Defendants") filed a Motion to Dismiss, or in the alternative for Summary Judgment. (Doc. No. 23.) Plaintiff has filed a Response. (Doc. No. 28.) For the reasons that follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendants were deliberately indifferent to his serious medical needs. During his incarceration, Plaintiff contends that Defendants did not appropriately treat the degenerative joint disease (DJD) afflicting his knee. He claims that Defendants provided "cheaper, easier, and totally ineffective" treatment despite his requests for

corrective surgery. (Doc. No. 1, p. 4.) As a result, Plaintiff alleges that his condition has worsened over time and that he currently suffers from DJD in both knees.

Defendants assert that no FCI Jesup health care provider was deliberately indifferent to Plaintiff's medical needs. Defendants contend that Plaintiff received prompt and appropriate medical care. Defendants aver that they are entitled to qualified immunity.[1]

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

---

[1] Defense counsel also asserts that Defendants John and Jane Doe, Members of the FCI Jesup Medical Utilization Review Committee, should be dismissed due to Plaintiff's failure to identify these individuals according to the Court's Order dated December 14, 2004. (Doc. No. 9.) The Court dismissed these Defendants, without prejudice, in an Order dated April 14, 2005. (Doc. No. 27.)

AO 72A (Rev. 8/82)

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed.2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed.2d 811 (1994).

Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). The objective component is "contextual and responsive to

3

'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed.2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290). Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000). In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d 1187 (internal citations omitted). As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." Hill, 40 F.3d at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)). To demonstrate deliberate indifference in the medical context, Defendants must have intentionally delayed access to medical care for such a period as to constitute the unnecessary and wanton infliction of pain. Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995).

Defendants contend that the bilateral knee surgery Plaintiff requested is considered an elective procedure. Defendants aver that health care providers at FCI Jesup determined that Plaintiff's DJD should be treated conservatively. Defendant Burgos asserts that he recommended Plaintiff for double knee replacement surgery, but the Federal Bureau of Prisons' Office of Medical Designations and Transportation disagreed with his recommendation. Defendant Ellis asserts that his position as Health Services Administrator at FCI Jesup does not permit him to treat patients and that his decision regarding Plaintiff's transfer request was based exclusively on the treating physician's recommendations.

Plaintiff alleges that Defendants refused to provide him adequate treatment by not approving bilateral knee surgery to treat his DJD. Plaintiff contends that Defendants were aware of his condition and that an orthopedic specialist recommended the surgery. Plaintiff avers that Defendants' failure to provide "timely, adequate medical care" has allowed his condition to worsen and affect both knees. (Doc. No. 28, p. 5.)

### A. Defendant Burgos.

Despite Plaintiff's disagreement with the nature of his illness and the method of treatment, the evidence demonstrates that Defendant Burgos appropriately addressed Plaintiff's medical concerns. Plaintiff has been treated regularly by Defendant Burgos and FCI Jesup medical staff since November 2000. (Doc. No. 23, Ex. 2.) Defendant Burgos and other FCI Jesup officials diagnosed Plaintiff as suffering from "mild arthritis" and treated him with Nonsteroidal Anti-Inflammatory Drugs and provided a cane for ambulation. (Id., Exs. 7, 10.) Plaintiff's medical records also establish that Defendant Burgos and his staff administered pain medication, such as Tylenol and analgesic balm. (Doc. No. 29, Att. 5; Doc. No. 23, Exs. 8, 9.) According to Defendant Burgos's affidavit, knee replacement surgery is considered an elective procedure. (Id.) Although Plaintiff has offered considerable proof that doctors, including Defendant Burgos, recommended knee replacement surgery, he has not demonstrated that these recommendations were mandatory or essential to his care. Additionally, there is significant evidence indicating that Plaintiff has not complied with weight loss recommendations which would improve his mobility, as well as his candidacy for surgery. (Doc. No. 23, Ex. 7, 9; Doc. No. 29, Ex. A.) Defendant Burgos's attempt to transfer Plaintiff to a facility equipped to perform his desired knee replacement surgery and rehabilitation indicates a sincere pursuit of effective

5

AO 72A
(Rev. 8/82)

treatments for Plaintiff. (Doc. No. 23, Ex. 7.) Plaintiff has merely established a difference of opinion regarding his treatment, not a deliberate indifference to a serious medical needs. See Estelle, 429 U.S. at 107. Plaintiff fails to establish a genuine issue of material fact as to whether Defendant Burgos was deliberately indifferent to his serious medical needs.

**B. Defendant Ellis.**

Defendant Ellis's affidavit states that he is not a licensed physician, but rather a Health Service Administrator who is unable to perform medical or surgical procedures. (Doc. No. 23, Ex. 3.) According to the Federal Bureau of Prisons' Health Services Manual, a Health Services Administrator has primarily administrative responsibilities. (Id., Exs. 3, 4.) In this case, Defendant Ellis reviewed and forwarded Dr. Burgos's transfer recommendation to officials at the Federal Bureau of Prisons' Central Office; Defendant Ellis does not appear to have had a direct role in Plaintiff's treatment. (Id., Exs. 3, 7.) Defendant Ellis does not have "the authority to refuse a medical or surgical procedure and all referrals for medical treatment must come from a clinical practitioner." (Id., Ex. 3.) Although Defendant Ellis was aware of Plaintiff's desire for knee replacement surgery, the decision to transfer Plaintiff for this treatment lay with Dr. Nelson, Chief of Health Programs for the Office of Medical Designations and Transportation. (Id., Ex. 5.) Plaintiff has provided no proof that Defendant Ellis's actions were in dereliction of his duties approaching the deliberate indifference standard. Accordingly, Plaintiff has not raised a genuine issue of material fact as to whether Defendant Ellis was deliberately indifferent to his serious medical needs.

It is unnecessary to address the remaining grounds set forth in Defendants' Motion.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing and because the undersigned relied on materials outside of the parties' pleadings, it is my **RECOMMENDATION** that the portion of Defendant's Motion seeking Summary Judgment (Doc. No. 23) be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this 6th day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)